# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, | Case No. 1:13-cv-00599-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PETITION FOR WRIT OF MANDAMUS |
| v. | (Doc. 12) |
| M. BITER, et al., | |
| Defendants. | |

Plaintiff Felipe Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. On November 14, 2013, Plaintiff filed a petition for writ of mandamus seeking an order directing Warden Kim Holland to order her officers to stop retaliating against Plaintiff with respect to mail and law library access, and an order directing the California Department of Corrections and Rehabilitation to thoroughly investigate its officers' illegal acts.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099

(9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced. In addition to jurisdictional issues arising from Plaintiff's desire for a federal writ directed at state prison officials, *see Cheney*, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); *Demos v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, *Cheney*, 542 U.S. at 380-81, 124 S.Ct. at 2587.

In this action, Plaintiff is challenging his conditions of confinement at California Correctional Institution in Tehachapi, California. If Plaintiff prevails, he may be entitled to damages, or to equitable relief depending on the nature of his legal claims, but in no event is Plaintiff entitled to the issuance of a writ of mandamus. Accordingly, Plaintiff's petition is HEREBY ORDERED DENIED, with prejudice.[1]

IT IS SO ORDERED.

Dated:  **January 10, 2014**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff's petition for writ of mandamus should be construed as a motion seeking preliminary injunctive relief, the pendency of this action does not give Plaintiff standing to seek the forms of relief sought in the petition. 18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).