# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, | Case No. 1:13-cv-00599-LJO-SKO (PC) |
| Plaintiff, | ORDER (1) SEVERING PLAINTIFF'S CLAIMS ARISING FROM EVENTS AT CALIFORNIA CORRECTIONAL INSTITUTION FROM CLAIMS ARISING FROM EVENTS AT KERN VALLEY STATE PRISON AND (2) REFERRING MATTER BACK TO MAGISTRATE JUDGE TO SCREEN REMAINING CLAIMS |
| v. | |
| M. BITER, et al., | |
| Defendants. | |
| | (Doc. 15) |

Plaintiff Felipe Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. Plaintiff filed an amended complaint as a matter of right on October 11, 2013, and the Court granted Plaintiff's motion for leave to file a second amended complaint on January 13, 2014. Fed. R. Civ. P. 15(a).

Plaintiff is attempting to pursue claims against staff at two different prisons for events which arose at each institution, respectively. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this case, Plaintiff's claims against staff at Kern Valley State Prison and California Correctional Institution (1) do not arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) do not share common questions of fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v.*

*Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  That Plaintiff alleges the same constitutional violations against staff at both prisons - specifically, retaliation in violation of the First Amendment - does not suffice to join in one action claims arising against different staff members at different institutions based on different events, and the claims shall be severed due to misjoinder.[1]  Fed. R. Civ. P. 21.

      Accordingly, it is HEREBY ORDERED that:

      1.    Plaintiff's claims arising from events at California Correctional Institution are severed from his claims arising from events at Kern Valley State Prison and they are dismissed from this action, without prejudice; and

      2.    This matter is referred back to the Magistrate Judge to substantively screen Plaintiff's claims arising from events at Kern Valley State Prison.

IT IS SO ORDERED.

    Dated:   **April 11, 2014**               **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE

---

[1] There is no prejudice to Plaintiff in severing the claims, as he has time to file a new suit if he chooses to pursue his constitutional claims against staff at California Correctional Institution.  *Coughlin*, 130 F.3d at 1350.  The events at that prison occurred in 2013 and Plaintiff has two years to file suit, Cal. Civ. Proc. Code § 335.1, assuming he is not also entitled to statutory tolling, Cal. Civ. Proc. Code § 352.1, and/or equitable tolling during the period of exhaustion, *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 101-03 (Cal. 2008).