# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, | Case No. 1:13-cv-00599-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PETITION FOR WRIT OF MANDAMUS BE DENIED |
| v. | |
| M. BITER, et al., | (Doc. 34) |
| Defendants. | |

Plaintiff Felipe Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. This action for damages is proceeding on Plaintiff's third amended complaint against Defendants Hernandez, Mosqueda, and Baker for retaliation in violation of the First Amendment and for endangering Plaintiff safety in violation of the Eighth Amendment.

On April 8, 2015, Plaintiff filed a petition for writ of mandamus seeking an order directing prison officials to stop retaliating against him, transfer him to a non-STG yard,[1] and reclassify him. Plaintiff's petition lacks any merit under the law and it must be denied.

Rule 81(b) abolished writs of mandamus, Fed. R. Civ. P. 81(b), but the All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the

---

[1] "Security Threat Groups (STG) jeopardize public safety, as they promote violence, drug trafficking, extortion, and create substantial risk in prisons, jails and local communities." Cal. Code Regs., tit. 15, § 3023(a) (West 2015).

usages and principles of law," 28 U.S.C. § 1651(a).  While a writ in the nature of mandamus may be issued under the All Writs Act, *Finley v. Chandler*, 377 F.2d 548, 548 (9th Cir. 1967) (per curiam), "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes,'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced.  In addition to jurisdictional issues arising from Plaintiff's desire for a federal writ directed at state prison officials, *see Cheney*, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); *Demos v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, *Cheney*, 542 U.S. at 380-81, 124 S.Ct. at 2587.  In this action, Plaintiff is challenging his past conditions of confinement at Kern Valley State Prison in Delano, California, and he is limited to seeking monetary damages.  No grounds entitling Plaintiff to the issuance of a writ in the nature of mandamus exist.[2]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's petition be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 28, 2015**                      /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's pending motion for injunctive relief is addressed separately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28