1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, | Case No. 1:13-cv-00599-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| M. BITER, et al., | (Doc. 35) |
| Defendants. | |

Plaintiff Felipe Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013.  This action for damages is proceeding on Plaintiff's third amended complaint against Defendants Hernandez, Mosqueda, and Baker for retaliation in violation of the First Amendment and for endangering Plaintiff safety in violation of the Eighth Amendment.  The events at issue occurred between June 2012 and January 2013 at Kern Valley State Prison.

On April 8, 2015, Plaintiff filed a motion seeking an injunction prohibiting Defendants, "their successors in office, agents and employees and all other persons" from endangering Plaintiff's safety by calling him a snitch in front of other inmates and from retaliating against him. (Doc. 35.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

1    on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

2    the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20

3    (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is

4    entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

5          As a threshold matter, for each form of relief sought in federal court, Plaintiff must

6    establish standing.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149

7    (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to

8    show that he is under threat of suffering an injury in fact that is concrete and particularized; the

9    threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to

10   challenged conduct of the defendant; and it must be likely that a favorable judicial decision will

11   prevent or redress the injury.  *Summers*, 555 U.S. at 493 (quotation marks and citation omitted);

12   *Mayfield*, 599 F.3d at 969.  This action is limited to monetary damages for the past violation of

13   Plaintiff's rights at Kern Valley State Prison, and Plaintiff lacks standing, in this action, to seek

14   any orders for equitable relief remedying his current conditions of confinement at California State

15   Prison-Corcoran.  Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion be

16   DENIED, with prejudice.

17         These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19   **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file

20   written objections with the Court.  The document should be captioned "Objections to Magistrate

21   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

22   the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d

23   834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24

25   IT IS SO ORDERED.

26   Dated:   __April 28, 2015__                    _____ **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE

27

28

                                                  2