# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>   Plaintiff,<br><br>   v.<br><br>M. BITER, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:13-cv-00599-LJO-SKO (PC)<br><br>ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS AND SEND DOCKET COPY, DENYING MOTION FOR SERVICE AS MOOT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 36) |

    Plaintiff Felipe Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. On April 8, 2015, Plaintiff filed a motion seeking service of his third amended complaint and the appointment of counsel. Plaintiff also states he is now in administrative segregation and his mailing address has changed to P. O. Box. 3461; and he seeks the status of this case. Finally, Plaintiff states he is facing life threatening danger.

    The Clerk's Office shall be directed to change Plaintiff's mailing address from P.O. Box 3466 to P.O. Box 3461, and send him a courtesy copy of the docket.[1]

    Plaintiff's motion for service is moot in light of the order filed on April 8, 2015, in which the Court sent Plaintiff service documents for completion and return. Once those documents are

---

[1] The Court does not provide status updates but it will make a one-time exception and send Plaintiff a courtesy copy of the docket. So long as Plaintiff keeps his address of record updated, he will be served with any court orders.

received, the United States Marshal will be directed to initiate service of process.  Plaintiff need not be concerned about the one-hundred twenty day deadline under Federal Rule of Civil Procedure 4(m), as the screening process and need for the Court to authorize service constitute "good cause" to exceed the deadline.  Fed. R. Civ. P. 4(m).

Plaintiff's motion for the appointment of counsel is denied.  Plaintiff does not have a constitutional right to the appointment of counsel in this action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.  In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.

Finally, the pendency of this action does not provide the Court with any jurisdiction over prison officials at California State Prison-Corcoran nor does it provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement.  18 U.S.C. § 3626(a); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court will notify Acting Warden Dave Davey of Plaintiff's safety concerns and ask him to address those concerns, if Plaintiff wishes it to do so, but it can take no other action.  Given that Plaintiff's expressed concern for his safety is

1 vague and Plaintiff is already in administrative segregation, the Court will not notify Mr. Davey of
2 Plaintiff's concerns unless Plaintiff specifically requests that form of action.

3      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

4    1.    The Clerk's Office shall change Plaintiff's address of record from P.O. Box 3466 to
5       P. O. Box 3461 and send Plaintiff a courtesy copy of the docket;
6    2.    Plaintiff's motion for service is DENIED as moot; and
7    3.    Plaintiff's motion for the appointment of counsel is DENIED.

8
9 IT IS SO ORDERED.

10   Dated: **April 28, 2015**             **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE