# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>             Plaintiff,<br><br>       v.<br><br>M. BITER, et al.,<br><br>             Defendants.<br>_____/ | Case No. 1:13-cv-00599-LJO-SKO (PC)<br><br>ORDER STRIKING DUPLICATIVE OPPOSITION, DENYING MOTION TO STRIKE AS MOOT, GRANTING MOTION FOR PROTECTIVE ORDER, AND STAYING DISCOVERY PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br><br>(Docs. 62, 69, and 71) |

## I. Background

Plaintiff Felipe Garcia ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. This action for damages is proceeding on Plaintiff's third amended complaint against Defendants Hernandez, Mosqueda, and Baker ("Defendants") for retaliation in violation of the First Amendment and for endangering Plaintiff's safety in violation of the Eighth Amendment.

Defendants filed an answer on June 25, 2015, and the Court issued a scheduling order on July 1, 2015. On October 16, 2015, Defendants filed a motion seeking a protective order staying discovery pending resolution of their motion for summary judgment for failure to exhaust the available administrative remedies, which was filed on October 1, 2015. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 56. (Docs. 60, 62.) Plaintiff filed an opposition on October

26, 2015, and a second, duplicative opposition on October 28, 2015. (Docs. 65, 69.) Defendants filed a reply and a motion to strike what they characterized as a surreply on November 2, 2015. (Docs. 70, 71.)

## II. Motion to Strike Surreply

For reasons that are unclear, the Court received two oppositions to Defendants' motion for a protective order, two days apart. The oppositions are duplicative of one another, and the latter filing is not a surreply. Therefore, the duplicative opposition shall be stricken from the record and Defendants' motion to strike the surreply shall be denied as moot.

## III. Protective Order Staying Discovery

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt*, 672 F.3d at 616; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *see also Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. *Gibbs*, 2014 WL 172187, at *3. In *Albino*, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before

reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170.

To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69). Here, Plaintiff's opposition makes no showing that in order to oppose the exhaustion motion, he needs specific discovery that (1) is relevant to the issue of exhaustion and (2) he reasonably believes exists.[1] Plaintiff's opposition merely evidences a blanket desire to engage in full merits-based discovery. The mere desire to continue with discovery does not suffice to avert the issuance of a protective order pending resolution of a dispositive motion raising the issue of exhaustion. Therefore, Defendants are entitled to the stay of discovery they seek.

**IV.   Order**

Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, it is HEREBY ORDERED that:

1. Plaintiff's duplicative opposition, filed on October 28, 2015, is STRICKEN from the record;

2. Defendants' motion to strike, filed on November 2, 2015, is DENIED as moot; and

///
///
///
///
///

---

[1] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

     3.     Defendants' motion for a protective order shielding them from discovery pending resolution of their exhaustion motion is GRANTED and discovery is STAYED.[2] Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.

IT IS SO ORDERED.

Dated:   **November 16, 2015**                    /s/ Sheila K. Oberto
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendants' motion for summary judgment is denied, the Court will issue an amended scheduling order.  (Doc. 51.)

4