1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FELIPE GARCIA,

           Plaintiff,

     v.

M. BITER, et al.,

           Defendants.

_____/

Case No. 1:13-cv-00599-LJO-SKO (PC)

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

(Doc. 79)

     Plaintiff Felipe Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013.  On January 22, 2016, Plaintiff filed a motion seeking the appointment of counsel, which is denied.

     Plaintiff does not have a constitutional right to the appointment of counsel in this action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation

and quotation marks omitted); *Wilborn* 789 F.2d at 1331.  In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, filed on January 22, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                                  **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE