# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>M. BITER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-00599-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND STRIKING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Docs. 79, 80, 81) |

    Plaintiff Felipe Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. This action for damages is proceeding against Defendants Hernandez, Mosqueda, and Baker for violating Plaintiff's constitutional rights at Kern Valley State Prison ("KVSP") between June 2012 and January 2013.

    Plaintiff has filed multiple motions seeking temporary restraining orders and/or preliminary injunctions over the life of this action in which he complains of the conditions of confinement at the hands of persons other than the Defendants in this action and at facilities other than KVSP -- where his claims in this action occurred. On October 27, 2015, this Court issued an order denying with prejudice Plaintiff's continuing requests for injunctive relief pertaining to retaliatory actions he asserts are occurring at the hands of prison officials at California State Prison, in Corcoran, California ("CSP-Cor") (Doc. 66.)

/ / /

/ /

On January 22, 2016, Plaintiff filed a motion for reconsideration of this Court's rulings denying his request for injunctive relief.[1]  (Doc. 79.)  On April 4, 2016 and again on April 14, 2016, Plaintiff filed yet two more motions for preliminary injunction and/or temporary restraining order against prison officials at CSP-Cor.  (Doc. 80, 81.)  As discussed herein, Plaintiff's motion for reconsideration is denied and his most recent motions for preliminary injunction and temporary restraining order is stricken from the record.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

---

[1] Plaintiff also again request appointment of counsel, which is addressed by the Magistrate Judge via separate order.

litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the prior denial of Plaintiff's requests for preliminary injunctions and/or temporary restraining orders to be supported by the record and by proper analysis.  This Court has no jurisdiction over state prison officials in general and the pendency of this action provides no jurisdictional basis to issue an injunction addressing Plaintiff's current conditions of confinement at a different institution than that where the relevant events occurred. 18 U.S.C. § 3626(a)(1)(A); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365 (2008) (preliminary injunction); *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (preliminary injunction); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012) (injunctive relief).

It is not that Plaintiff's assertions are not serious, this action is simply not the proper forum to redress his concerns.  However, given the safety concerns that he raises, the Warden and the Litigation Coordinator at CSP-Cor are requested to look into the conditions of Plaintiff's confinement and provide for his safety as needed.[2]

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion for reconsideration of this Court's rulings denying his requests for injunctive relief, filed on January 22, 2016 (Doc. 79), is DENIED and any objections based thereon are OVERRULED;

(2) Plaintiff's motions for temporary restraining orders and/or injunctive relief, filed on April 4, 2016 (Doc. 80) and April 14, 2016 (Doc. 81) are STRICKEN from the record;

(3) if Plaintiff files further motions for injunctive relief and/or temporary restraining orders pertaining to his conditions of confinement at CSP-Cor they will be summarily stricken from the docket in this action; and

(4) the Clerk's Office is directed to forward a copy of this order to the Warden and the

---

[2] Plaintiff's housing status and other custody or classification factors are left to the sound discretion of prison officials.

Litigation Coordinator at CSP-Corcoran.

IT IS SO ORDERED.

Dated:  **May 7, 2016**          /s/ Lawrence J. O'Neill
                                 UNITED STATES CHIEF DISTRICT JUDGE

4