# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>M. BITER, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00599-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND OPPOSITION/SURREPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 87, 88) |

### I.     BACKGROUND

Plaintiff Felipe Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. On October 1, 2015, Defendants filed a motion for summary judgment. (Doc. 60.) Plaintiff filed an opposition on October 19, 2015, and Defendants filed their reply on November 2, 2015. (Docs. 63, 72.)

Defendants' motion to for summary judgment was deemed submitted pursuant to Local Rule 230(*l*) on November 2, 2015. However, on November 12, 2015, Plaintiff filed another opposition (the "surreply"). (*See* Doc. 73.) Because Plaintiff does not have a right to file a surreply under the Local Rules or the Federal Rules of Civil Procedure and Plaintiff did not obtain leave of court to file a surreply, on May 18, 2016, the Court struck Plaintiff's surreply from the docket. (Doc. 85.)

On May 18, 2016, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order granting Defendants' motion to strike the surreply (Doc. 88) and a motion seeking leave to file a surreply to supplement his opposition with additional evidence and to respond to arguments raised for the first time in Defendants' reply (Doc. 87).

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION IS DENIED

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230(j); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); *Gordon v. Astrue*, No. 2:10-CV-1198-GGH, 2011 WL 5041217 at *1 (E.D. Cal. Oct. 24, 2011) ("[D]ecisions on legal issues made in a case should be followed unless there is substantially different evidence[, ] new controlling authority, or the prior decision was clearly erroneous and would result in injustice.") (internal quotation omitted).  "To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011).

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003) (internal citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.") (internal quotations omitted).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011).  The purpose of Rule 59(e) is *not* to "give an unhappy litigant one additional chance to sway the judge.  [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment." *Kilgore v. Colvin*,

No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27. 2013) (internal quotations omitted). It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier, *see School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to reargue an issue, *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

"Mere doubts or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Here, Plaintiff does not present new law or facts as a basis for altering the Court's judgment. (Doc. 88.) Rather, Plaintiff contends the Court made an error of law by striking his surreply. (*Id.*) The fact that Plaintiff is disappointed with the Court's decision and seeks "one additional chance to sway the [Court]" by asking the Court to re-consider "arguments and evidence [that] were previously carefully considered by the Court," is not enough to "provide a basis for amending the judgment." *Kilgore*, 2013 WL 5425313 at *1; *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already though through – rightly or wrongly") (internal citations and quotations omitted). Because Plaintiff "'has brought up nothing new -- except his displeasure -- this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but if so, the proper recourse is appeal -- not reargument.'" *Kilgore*, 2013 WL 5425313 at *2 (quoting *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981)); *Gordon*, 2011 WL 5041217 at *2 (quoting *Frito-Lay*, 92 F.R.D. at 390).

As Plaintiff has not offered any valid basis upon which the Court should alter the Magistrate Judge's order striking his improperly filed surreply, Plaintiff's motion for reconsideration is DENIED.

### III. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IS DENIED

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does *not* extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted.

Here Plaintiff seeks leave to file a surreply to address "new arguments" and evidence raised by Defendants for the first time in their reply. (Doc. 73.) Defendants, however, did <u>not</u> provide any new evidence in the reply to Plaintiff's opposition nor did Defendants raise new issues or arguments. Rather, Defendants cited to the record, their Motion, and various legal authorities and substantively addressed those new issues raised by Plaintiff in his opposition. (*See generally* Doc. 72.)

As Plaintiff has not offered any valid basis upon which the Court should exercise its discretion to permit the filing of a surreply, Plaintiff's motion for leave to file a surreply is DENIED.

//

4

### IV.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 88) is DENIED; and
2. Plaintiff's motion for leave to file a surreply (Doc. 87) is DENIED.

IT IS SO ORDERED.

Dated:   **July 15, 2016**              /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE