# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>R. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00599-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Doc. 60)<br><br>21 DAY OBJECTION DEADLINE |

## I. BACKGROUND

Plaintiff Felipe Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2013. This action is proceeding on Plaintiff's third amended complaint against Defendants Baker, Hernandez, and Mosqueda. (Doc. 21 (Third Amended Complaint ("TAC")).)

On October 1, 2015, Defendants filed a motion for summary judgment[1] pursuant to Federal Rule of Civil Procedure 56. (Doc. 60 ("Motion").) Plaintiff filed his opposition on October 19, 2015, and Defendants filed their reply on November 2, 2015.[2] (Docs. 63 ("Opposition"); 72 ("Reply").) Defendant's motion for summary judgment was submitted on the record without oral argument pursuant to Local Rule 230(*l*).

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion (Doc. 60-1). *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (*See* Doc. 66-2 (*Rand* warning).)

[2] Plaintiff also filed a "second opposition" to the Motion (Doc. 73), which the Court struck as duplicative on May 9, 2016 (Doc. 85).

Defendants contend (1) Plaintiff failed to administratively appeal his First Amendment Retaliation claim and Eighth Amendment claim for endangering his safety through the third and final level of review, and (2) Plaintiff was not excused from complying with the exhaustion requirement of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff contends he followed the correct procedure and that any failure of compliance was due to Defendants' or Defendants' agents own errors.

After review of all submitted evidence and the statement of undisputed facts, the undersigned RECOMMENDS Defendants' motion be GRANTED. Construing all evidence presented in the light most favorable to Plaintiff, the Court finds there is no genuine issue of material fact regarding whether Plaintiff failed to comply with the exhaustion requirement of the PLRA. For the reasons that follow, it is RECOMMENDED that Defendant's motion be GRANTED for failure to exhaust his administrative remedies.

## II.   BACKGROUND[3]

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. 60-3 (Defendants' Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment ("DUMF")), ¶ 1.) Plaintiff filed this action on April 25, 2013, and filed his third amended complaint on May 7, 2014, containing allegations against Defendants while Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"). (*Id.*, ¶ 2; TAC.) Plaintiff filed the action after "discover[ing] [a] copy of 602-grievance dated Sept. 11, 2015 now stamped "confidential" - during discovery in criminal case: People v. Garcia, No. DF011059A." (Doc. 63 (Plaintiff's Statement of Undisputed and Disputed Facts in Support of Plaintiff's Opposition ("PUMF")), ¶ 1.)

It is undisputed that Plaintiff knew about and used the administrative grievance process between March 6, 2006, and January 1, 2015. (DUMF, ¶ 12; PUMF, ¶ 12.) Appeal Log No.

---

[3] This Court carefully reviewed and considered the record, including all evidence, arguments, points and authorities, declarations, testimony, statements of undisputed facts and responses thereto, objections and other papers filed by the parties. Omission of reference to evidence, an argument, document, objection or paper is not to be construed to the effect that this Court did not consider the evidence, argument, document, objection or paper. Although this Court has also reviewed, considered and applied the evidence it deemed admissible and material, it does not rule on objections in a summary judgment context, unless otherwise noted.

MCSP-09-00854, filed in 2009 and involving a disciplinary issue at a different prison, was accepted at the third level of review. (DUMF, ¶ 34.) Appeal Log No. KVSP-O-12-03486, regarding Plaintiff's complaint that his television had not been properly returned to him after being repaired, was received and screened out in 2013 because Plaintiff failed to comply with the requisite time constraints. (*Id.*, ¶¶ 13-14, 33.) Appeal Log. No. OOA-12-10399, regarding a dispute over a legal issue, was received and screened out/rejected in 2013, because Plaintiff again failed to comply with the requisite time constraints. (*Id.*, ¶ 33.) No staff complaints and other appeals were accepted for review at the first or second levels of review at KVSP during the relevant time period. (*Id.*, ¶ 15.) No other appeals were accepted at the third level of review between the given time frames that related to claims of retaliation or Eighth Amendment violations endangering Plaintiff's safety at KVSP against correctional officers B. Baker, R. Hernandez, or J. Mosqueda. (*Id.*, ¶ 35.)

### III.   RELEVANT STANDARDS

**A.   Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

"The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (alterations, footnote, and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. *Id.* at 94, 126; *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to

1  all prisoner suits relating to prison life, *Porter*, 534 U.S. at 532.

2  Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, *Woodford*, 548 U.S. at 90; *Jones*, 549 U.S. at 218, such that an untimely or otherwise procedurally defective grievance is insufficient, *Woodford,* 548 U.S. at 83-84. The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level. Cal. Code Regs., tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

"A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009); *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010). "A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Griffin*, 557 F.3d at 1120. The primary purpose of a grievance is to alert prison officials to a problem and facilitate its resolution. *Id.* Where a prison's grievance procedures are silent or incomplete as to the level of factual specificity required, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *Morton*, 599 F.3d at 946. The grievance must "'provide enough information . . . to allow prison officials to take appropriate responsive measures.'" *Griffin*, 557 F.3d at 1121 (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable"; in such a case, the plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). *See also Ward v. Chavez,* 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); *Brown*, 422 F.3d at 939-40 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Aside from this single exception, "the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any 'special circumstances.' . . . [a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take such

4

circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. *Albino v. Baca* (*Albino I*), 697 F.3d 1023, 1035 (9th Cir. 2012). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." *Id*. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." *Id*. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. *Id*. at 1035.

Because "there can be no absence of exhaustion unless some relief remains available, a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown*, 422 F.3d at 936-37.

**B.   California Department of Corrections and Rehabilitation (CDCR)**

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602 ("602 form"). *Id*. at § 3084.2(a).

At the time of the events giving rise to the Complaint in this action, California prisoners were required to submit appeals within thirty calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level. *Id*. at §§ 3084.7(a), 3084.8(c). Three levels of appeal were involved, including the first level, second level, and third level. *Id*. at § 3084.7. The third level of review exhausts administrative remedies. *Id*. at § 3084.7(d)(3). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford*, 548 U.S. at 85; *McKinney*, 311 F.3d. at 1199-1201.

**C.   Summary Judgment Standard**

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 549

U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt* with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). *Albino v. Baca* (*Albino II*), 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc). Following the decision in *Albino II*, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[4] or (2) a motion for summary judgment under Rule 56. *Id.* If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino II*, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted"). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). The Court must also liberally construe Plaintiff's filings because he is a pro se prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

---

[4] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." *Albino II*, 747 F.3d at 1162.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

## IV. DISCUSSION[5]

Defendants assert that Plaintiff did not exhaust available administrative remedies on either of these claims before he filed suit, entitling them to judgment. (Mot.)

**A. Appeal Log No. KVSP-0-12-03373**

On September 11, 2012, Plaintiff submitted an appeal to KVSP regarding a Staff Complaint investigation, single cell status, and a transfer. (DUMF, ¶ 16; PUMF, ¶ 2.) The appeal was entered into the appeals office on September 14, 2012, as Appeal Log No. KVSP-0-12-03373 and categorized under "living conditions." (DUMF, ¶ 16.) The appeal was rejected and was not accepted for review, and a "CDC Form 695" was generated, noting that the appeal was rejected for lacking supporting facts on September 21, 2012. (*Id.*, ¶ 19.) As the appeals office does not keep copies of appeals that are not accepted for a first or second level review, the CDC 695 form and the original Appeal Log No. KVSP-O-12-03373 were mailed back to Plaintiff. (*Id.*, ¶ 20; Doc. 60-5 (Declaration of S. Tallerico), Exh. D.)

//

---

[5] Plaintiff devotes a substantial portion of his opposition to disputing that Appeal Log No. KVSP-12-03486 was improperly screened out for failing to comply with the applicable time constraints; however, Appeal Log No. KVSP-12-03486 involved Plaintiff's complaint that his television had not been properly returned to him after being repaired. In screening the operative third amended complaint, the Court found that <u>only</u> Plaintiff's First Amendment retaliation claim and Eighth Amendment claim for spreading rumors about Plaintiff and thereby endangering his safety around other inmates were cognizable federal claims, and dismissed all other claims and defendants except Defendants Hernandez, Mosqueda, and Baker. (Docs. 28, 32.) Accordingly, any allegations and evidence submitted regarding the alleged theft of Plaintiff's television and the appeal resolving, in part, his claim of theft at the second level of review of Appeal Log No. KVSP-12-03486 are <u>not</u> relevant to the instant case or the Motion currently pending before the Court.

Plaintiff did not attempt to resubmit the appeal; he instead mailed his appeal to Acting Captain Lesniak, on Facility B. (DUMF, ¶ 21; PUMF, ¶ 21.) Captain Lesniak assigned the appeal to Lieutenant S. Duncan, who interviewed Plaintiff on September 25, 2012, and responded to Plaintiff's cell status in a memorandum response format. (DUMF, ¶ 22; Tellerico Decl., Exh. D; *see also* PUMF, ¶ 22 (disputing only as to the date of the interview).) Captain Lesniak wrote a Confidential Memorandum regarding Plaintiff's allegations and safety concerns, and stamped both the memorandum and the appeal "CONFIDENTIAL" even though appeals are not confidential and Plaintiff's appeal had never been accepted or logged by the appeals office. (DUMF, ¶ 23; Tallerico Decl., Exh. E; PUMF, ¶ 23.) The memorandum and appeal were forwarded to Acting Associate Warden Stebbins. (DUMF, ¶ 24.)

Plaintiff alleges that the "improper screening of 602 filed on Sept. 11, 2011 (*sic*), failing to notify of classification as a 'confidential memorandum' [ ] inhibit[ed] Plaintiff['s] ability to continue his appeal, rendering administrative remedies 'effectively unavailable.'" (PUMF, ¶ 7.)

**B.   Summary Judgment Should Be Granted**

On review of Defendants' Motion, the Court finds that Defendants have carried their initial burden of showing the absence of exhaustion. As Defendants argue, Plaintiff does not dispute that there was a grievance procedure in place at the time of the incident, nor does he dispute that he failed to exhaust his administrative remedies. (*See* Oppo., pp. 7-8.)

It is undisputed that Plaintiff submitted an appeal on September 11, 2012, noting issues with a Staff Complaint investigation, Single Cell status, and a transfer. (DUMF, ¶ 16; Tallerico Decl., Exh. C; PUMF, ¶ 16.) The appeal was screened out at level one for "lacking facts" and a comment was entered asking Plaintiff to "provide the specific dates staff made these statements[,] provide the specific statements made by each employee" and directing that "each allegation must be separated and cannot be submitted on 1 appeal." (Tallerico Decl., Exh. D.) It is also undisputed that once the appeal was rejected and not accepted for review, Plaintiff did not attempt to resubmit the appeal. (DUMF, ¶ 21; PUMF, ¶ 21.) Instead, Plaintiff forwarded the appeal to Captain Lesniak, on Facility B, despite being demonstrably aware of the proper procedure for re-submitting an appeal. (DUMF, ¶¶ 12-14, 33-4; Oppo., p. 7.)

The burden therefore shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino II*, 747 F.3d at 1172). Acts by prison officials that prevent the exhaustion of administrative remedies may make administrative remedies effectively unavailable. *See Nunez v. Duncan*, 591 F.2d 1217, 1224-25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to plaintiff. *Paramo*, 775 F.3d at 1191 (citing *Albino II*, 747 F.3d at 1172).

Here, Plaintiff asserts that "special circumstances" prevented him from complying with the PLRA's exhaustion requirement -- namely, Defendants' allegedly improper screening of his grievance. It is true that "improper screening of an inmate's grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp*, 623 F.3d at 822-23. However, to fall within this exception to the exhaustion requirement, Plaintiff must show that (1) he filed a grievance that, if pursued through all three levels, would have sufficed to exhaust the claim, and (2) prison officials screened the grievance for reasons inconsistent with or unsupported by the regulations. *Id.*

Plaintiff contends that Captain Lesniak's referral of the matter to Lieutenant Duncan, who investigated and subsequently marked his memorandum summarizing his investigation as "CONFIDENTIAL", rendered administrative remedies effectively unavailable to Plaintiff. However, regardless of whether Captain Lesniak and Lieutenant Duncan improperly investigated the subject matter of the appeal and marked the memorandum confidential, the undisputed facts remain that Plaintiff was notified Appeal Log No. KVSP-0-12-03373 had been rejected and not accepted for review on September 21, 2012, was given the opportunity to re-submit the appeal and remedy the deficiencies of the factual allegations of the appeal, and failed to do so. Plaintiff's failure to comply with the well-established administrative exhaustion requirements with which he was familiar and experienced *does not* render those administrative remedies unavailable.

//

Defendants have demonstrated that an internal administrative avenue remained open to Plaintiff, and that Plaintiff failed to comply with the prison's grievance procedures before filing suit.  The evidence before the Court thus shows that Plaintiff elected not to pursue the grievance through the proper channels.  Because Plaintiff has failed to show that he had no available relief through the proper administrative channels, his claims against Defendants Hernandez, Mosqueda, and Baker must be dismissed without prejudice for failure to exhaust.

## V. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be GRANTED and Plaintiff's case be DISMISSED without prejudice for failure to exhaust his administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2016**                                  /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE