1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BITER, et al.,<br><br>                    Defendants. | **Case No.  1:13-cv-00599-LJO-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 98)** |

**I. Background**

      Plaintiff, Felipe Garcia, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 17, 2016, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to grant Defendants' motion for summary judgment and dismiss this action based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit.  (Doc. 90.)  This was served on the parties and provided for filing of objections within twenty-one days.  (*Id.*)  Plaintiff filed objections to which Defendants replied.  (Docs. 91, 92.)  The order which dismissed this action without prejudice noted the objections as well as the reply and adopted the F&R in full.  (Doc. 93.)

/ / /

/ /

1

On September 26, 2016, Plaintiff filed a notice of appeal that was processed to the Ninth Circuit that same day.  (Docs. 95, 96.)  On September 28, 2016, Plaintiff filed a motion for reconsideration of this Court's order dismissing the action and entering judgment against Plaintiff.  (Doc. 98.)  For the following reasons, the Court DENIES Plaintiff's motion for reconsideration.

## II.  Jurisdiction to Review the Motion

 "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed*." See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  However, a district court is allowed to amend a judgment in certain situations even when a notice of appeal has been filed.  Appellate Rule 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

*Id.*  Subsection (a)(4)(A) of that same rule identifies motions to alter or amend the judgment under Federal Rules of Civil Procedure 59 or 60 as such motions.  Since this action was resolved short of trial, Plaintiff's motion is construed as being brought under Civil Rule 60 and is timely since filed less than 28 days after judgment was entered. Fed. R. App. P. 4(a)(4)(A)(vi).

This Court concludes that it has jurisdiction to consider Plaintiff's motion for reconsideration because it placed his notice of appeal in abeyance.  *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir.2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

## III.  Plaintiff's Motion For Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."

Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff asserts arguments that he previously raised in his opposition to Defendants' motion and in his objections to the F&R. (Doc. 98.) Plaintiff does not raise evidence or law that has not previously been considered and there is no other basis upon which it would be just to relieve him from judgment that has been entered in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&R (Doc. 90) and the order that adopted it in full and resulted in dismissal of this action and entry of judgment closed the action to be supported by the record and proper analysis.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Accordingly, Plaintiff's motion for reconsideration, filed on September 28, 2016 (Doc.

98), is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

    Dated:   __**November 30, 2016**__        _____**/s/ Lawrence J. O'Neill** _____
                                              UNITED STATES CHIEF DISTRICT JUDGE

4